MARSDEN v. CORNELL.

*Mortgage on canal-boat — omission from copy re-filed of statement showing interest — subsequent filing of statement — Bona fide purchaser.*

A copy of a mortgage on a canal-boat was filed in the auditor's office, September 22, 1870. Another copy without any statement exhibiting the interest of the mortgagee, was filed September 20, 1871. A third copy with such statement was filed September 14, 1872. *Held,* that under the statute (Laws of 1864, chapter 412) the mortgage was invalid, by reason of the omission of the statement exhibiting interest, against a purchaser in good faith for value in August, 1872, and the invalidity was not cured by the subsequent filing of such statement. Notice of the existence of the mortgage without notice of the amount due thereon would not make the purchase one *mala fides.*

C. converted the boat. The owner obtained judgment against C. therefor which C. paid. *Held* a purchase.

APPEAL by plaintiff from a judgment in favor of defendants, in an action tried by the court without a jury.

The action was brought in Oswego county, by Linus P. Marsden against Thomas Cornell and John Costello, to obtain the possession of a canal-boat which plaintiff claimed as mortgagee. The mortgage was given by one L. Carvey, who purchased the boat of plaintiff, and a copy was filed in the office of the auditor of the canal department, September 22, 1870. Subsequently Carvey sold the boat to one Willis S. Nelson, who took it subject to the mortgage which he agreed to pay. While being towed by a steamboat belong-

ing to defendant Cornell, in November, 1871, the canal- boat was sunk, and defendant Cornell raised and repaired it; but Nelson refused to receive it and brought an action against Cornell for the value of the boat.

On the 20th of September, 1871, plaintiff filed another copy of the mortgage in the auditor's office; but no statement of plaintiff's interest was contained therein, or annexed thereto, or filed therewith. In May, 1872, Cornell offered judgment for a sum believed to be equal to the value of the boat when sunk, which was accepted by Nelson, and judgment entered against Cornell, which was afterward satisfied by him in good faith. He subsequently sold the boat to defendant Costello. Such other facts as may be material appear in the opinion.

*Sanders & Baldwin,* for appellant, as to the validity of the filing, cited *Newell* v. *Warner,* 44 Barb. 258; *Swift* v. *Hart,* 12 id. 531.

*Benedict, Taft & Benedict,* for respondents.

GILBERT, J. We are of opinion that the appellant's mortgage ceased to be valid as against the respondents, for the reason that the copy thereof which was filed in the office of the auditor of the canal department September 20, 1871, was not accompanied by a statement exhibiting the mortgagee's interest in the mortgaged property, as required by section 3 of the statute relating to the registry of liens, etc., on canal-boats, passed April 28, 1864. Laws 1864, chap. 412.

A copy of the mortgage was first filed September 22, 1870. Another copy, without any statement, exhibiting the interest of the mortgagee, was filed September 20, 1871, and another copy, together with the requisite statement, was filed September 14, 1872. The respondents respectively became purchasers on or prior to August 14, 1872.

It is urged on behalf of the appellant, that the filing of a copy of his mortgage September 20, 1871, may, as to the subsequent purchasers, be treated as an original filing. The remark of the learned justice who delivered the opinion of the court in *Swift* v. *Hart,* 12 Barb. 531, would seem to support this view, although, in that case, the mortgage was refiled with a statement of the mortgagee's

interest before the adverse claim accrued. What would have been the decision of the court if such refiling had not been accompanied by the requisite statement of the mortgagee's interest can only be conjectured. I am not aware that the remarks of the learned justice in *Swift* v. *Hart* have ever been approved. On the contrary, the subsequent decisions, so far as they bear on this question, seem to be contrary to the views there expressed. *Thompson* v. *Van Vechtin,* 5 Abb. 476; S. C., 27 N. Y. 583; *Ely* v. *Carnley,* 19 id. 498; *Porter* v. *Parmely,* 52 id. 188; *Newell* v. *Warner,* 44 Barb. 265; S. C., 44 N. Y. 248.

These authorities sustain the proposition that the mortgage must be filed, and then it must be refiled within thirty days of the expiration of a year from the *time* it was filed, and that if not filed, or if, after having been filed, it is not refiled within the time specified, it ceases to be valid as against creditors generally, and as against *bona fide* purchasers, subsequent to the omission to refile. The language of the statute also is too plain to admit of any question. It provides that "every mortgage filed, etc., shall cease to be valid, etc., after the expiration of *one year from the filing thereof,* unless within thirty days next preceding the expiration of *the said term of one year,* a true copy thereof, together with a statement, etc., *shall be again filed."* This language needs no interpretation. It would be a perversion of it to hold a refiling to be an original filing, and it would in effect render inoperative one of the conditions to the validity of the security, viz., the refiling with a statement of the mortgagee's interest, and thus the mortgage might be perpetually kept on foot by virtue of the misnomer of calling a refiling an original filing. It is sufficient to say that the statute does not permit, but plainly protects, creditors and purchasers against any such evasion of its salutary purpose for preventing fraud. The appellant's mortgage was filed. It was also refiled, but the latter act was not accompanied by the statement of the mortgagee's interest, which the statute requires. By reason of that omission it "ceased to be valid" as against the respondents, if they were *bona fide* purchasers.

That they were such, we think is clear. Cornell was sued in trover for the value of the boat by Nelson, the owner. Judgment was recovered against him for such value. He paid the judgment and retained the boat. Immediately afterward he sold the boat to his co-respondent, and took back a mortgage for part of the price.

The payment of the judgment transferred the title of the boat to Cornell, and as such transfer was effected while the mortgage of the appellant was invalid, the title thus acquired could not be affected by the mortgage, unless the transferee had notice of its existence. The uncontradicted evidence disproves notice, and even notice of the existence of the mortgage, without notice of the amount due thereon, would not make the purchase one *mala fide*. *Beers* v. *Waterbury*, 8 Bos. 411. It is begging the question to say that Nelson's interest in the boat was subject, as between him and the appellant, to the mortgage, and, therefore, he had no power to transfer any greater interest. The statute, which made the mortgage invalid as against the respondents, gave him the power to transfer the boat to them, divested of the lien of the mortgage. That was necessarily the legal effect of the transaction.

The foregoing remarks require an affirmance of the judgment without adverting to the other question presented. We shall therefore express no opinion upon them.

The judgment must be affirmed.

*Judgment affirmed.*